IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAVITA N. MIMS,

    Plaintiff,                                          Case No. 23CV942

v.

ADVOCATE AURORA HEALTHCARE, INC.

    Defendant.

## COMPLAINT

    NOW COMES the plaintiff, Davita Mims, by her attorneys, Arellano & Phebus, S.C., by Attorney Victor M. Arellano and Attorney Douglas J. Phebus and as for her Complaint alleges and shows the Court as follows:

## I.
## NATURE OF THE CLAIM

1. The plaintiff is an African-American with black skin color and is a United States citizen who seeks redress from this Court pursuant to 42 USC § 2000, et. seq., the Civil Rights Act of 1964 (as amended in 1991) (Title VII) and 42 USC § 1981 on the basis of her race (African-American), national origin (African), her skin color (black), and on the basis of retaliation for engaging in protected conduct in the workplace pursuant to 42 USC § 1981.

2. The plaintiff seeks reinstatement with all benefits including but not limited to back pay, emotional distress, punitive damages, costs, and attorney's fees. The plaintiff also seeks compensation for the pain and humiliation she has endured at the hands of the defendant's employees. The plaintiff also seeks any and all other remedies this Court may deem fair and just.

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 28 USC § 1331. Venue is proper pursuant to 28 USC §§ 1343, 1331, and under the 14th Amendment of the U.S. Constitution, and because all of the acts alleged herein occurred in the Eastern District of Wisconsin.

## III.
## PARTIES

4. The plaintiff, Davita Mims, is an adult, United States citizen with an address at 2501 N. 22nd Street, Milwaukee, WI 53206

5. The defendant, Advocate Aurora Healthcare, Inc., is located at 945 N. 12th Street, Milwaukee, WI 53233.

## IV.
## FACTUAL ALLEGATIONS

6. The defendant, Advocate Aurora Healthcare, Inc. (hereinafter "AAH") is a non-profit healthcare network headquartered in Milwaukee, Wisconsin.

7. Upon information and belief, AAH has a non-discriminatory as well as an anti-retaliatory policy in place.

8. The plaintiff began her employment with AAH on September 17, 2018. The plaintiff was terminated from her employment with AAH on November 4, 2020. Davita Mims filed a timely complaint with the Wisconsin Equal Rights Division on June 1, 2021 alleging discrimination based upon race, national origin and skin color as well as retaliation for protected activity which was based upon those same grounds. A right to sue letter was issued by the EEOC on April 14, 2023.

9. In October of 2020, a patient was admitted to the healthcare unit at AAH where Davita Mims was employed as a certified nursing assistant. On October 29, 2020, that patient became belligerent and upset with the hospital nursing staff in part due to the hospital's Covid0-19 and social distancing policies. The patient called the nursing staff "bitches" as she wheeled herself down the hallway yelling.

10. Mims followed the patient to ensure that the patient was safe. Mims approached the patient and attempted to calm the patient down and to reason with the patient regarding her behavior. The patient escalated the situation by calling Mims a "bitch" and threatening Mims that the patient would "beat her ass." Mims continue her efforts to de-escalate the situation. The patient raised her fists and charged at Mims which resulted in Mims being pinned against a wall. The patient attempted to strike Mims who lifted her arms to protect herself but never struck the patient, all of which was witnessed by several co-workers.

11. The patient continued her course of behavior and Mims continued to talk to the patient, attempting to de-escalate the situation. AAH by its human resources manager, terminated Davita Mims employment on November 4, 2020.

12. In the week prior to Mims interaction with the difficult patient, the patient had a confrontation with white skin colored CNA, Maureen Golden, which escalate to the point that Golden yelled to the other staff that "Y'all better come get her" in reference to the difficult patient. Upon information and belief, the incident with Maureen Golden was never investigated and Golden was not disciplined in any manner.

13. In another instance a Caucasian/white female employee named Alice threatened to shoot her African-American, black skinned, co-worker Nekeisha in the head with Alice's daughter's gun. Alice was suspended but not terminated pursuanjt to AAH's zero-tolerance workplace violence policy.

14. Prior to the incident with the patient on October 29, 2020, Davita Mims had complained to the employer that Caucasian supervisors/employees were treating co-workers less favorably in the terms and conditions of their employment based upon their race. Davita Mims' allegations of discrimination based upon race were not investigated and no corrective action was taken.

15. The plaintiff alleges that she was the subject of continuous discrimination with respect to the terms and conditions of her employment and that she was treated differently as to the terms and conditions of her employment, including being terminated, than how the supervisors, co-workers and the human resources manager treated similarly situated employees who are not a members of the protected classes identified herein of which the plaintiff is a part. Further Davita Mims alleges that her complaints of racial discrimination were protected activity which caused her to be terminated from her employment with AAH. All of which violates 42 USC § 2000, et. seq., the Civil Rights Act of 1964 (as amended in 1991)(Title VII) 42 USC § 1981.

16. The plaintiff has incurred emotional and psychological distress as a result of the conduct complained of herein.

WHEREFORE, the plaintiff demands the following:

a. Reinstatement with a made whole remedy including back pay;

b. Compensatory damages for the emotional injury, distress, and mental suffering;

c. Punitive Damages;

d. An injunction against the defendant ordering that the defendant cease and desist the discriminatory practices towards the plaintiff;

e. Reasonable attorney's fees and costs incurred in both the Administrative action before the State Equal Rights Division as well as the instant Federal Court; and

f. Any other relief the court may deem just and proper.

**A DEMAND FOR A JURY OF 12 IS HEREBY MADE.**

Dated this 13th day of July, 2023.

        ARELLANO & PHEBUS, S.C.
        Attorneys for Plaintiff

        *s/ Douglas J. Phebus*
        Victor M. Arellano
        State Bar No.1011684
        varellano@aplawoffice.com
        Douglas J. Phebus
        State Bar No. 1029524
        dphebus@aplawoffice.com
        1468 N. High Point Road, Suite 102
        Middleton, WI 53562
        Telephone: (608) 827-7680